Li v. Lynch

BIA
Zagzoug, IJ
A200 753 606

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of May, two thousand sixteen.

PRESENT:
>    ROSEMARY S. POOLER,
>    ROBERT D. SACK,
>    CHRISTOPHER F. DRONEY,
>         *Circuit Judges.*

_____

GENGMIAN LI,
>         *Petitioner,*

>    v.                                    14-1949

>                                          NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>         *Respondent.*

_____

FOR PETITIONER:          James A. Lombardi, New York, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy Assistant Attorney General; John S.

Hogan, Assistant Director; Matthew A. Spurlock, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gengmian Li, a native and citizen of the People's Republic of China, seeks review of a May 28, 2014, decision of the BIA affirming a March 15, 2012, decision of an Immigration Judge ("IJ") denying Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gengmian Li,* No. A200 753 606 (B.I.A. May 28, 2014), *aff'g* No. A200 753 606 (Immig. Ct. N.Y. City Mar. 15, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the basis for denying relief that the BIA declined to consider (the IJ's burden finding as to CAT relief). *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See*

8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The agency may, "[c]onsidering the totality of the circumstances, . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant," the plausibility of the applicant's account, and the consistency in the applicant's statements "without regard to whether an inconsistency . . . goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Li was not credible and failed to adequately corroborate her claims.

Li sought asylum and related relief based on her alleged forced abortion under China's family planning policy in 1990 and her practice of Christianity. In finding her not credible, the IJ reasonably relied on Li's demeanor, noting that her testimony became evasive and unresponsive on cross-examination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). That finding is supported by the record.

Having questioned Li's credibility, the agency reasonably relied further on her failure to submit corroborating evidence

3

sufficient to rehabilitate her testimony or independently satisfy her burden of proof. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007); *Diallo v. INS*, 232 F.3d 279, 285 (2d Cir. 2000). The agency reasonably declined to credit letters from Li's husband, pastor, and fellow church member in China because the letters were unsworn and prepared for litigation, and the authors were not available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013).

Moreover, although Li claimed to have had access to corroborating evidence that was contemporaneous with her alleged forced abortion, family planning checkups, and religious practice in China (books and other religious materials), she did not submit that evidence before the IJ, claiming either that it was lost or that it remained with her husband in China. *See Chuilu Liu v. Holder*, 575 F.3d 193, 196-97 (2d Cir. 2009) (recognizing that an IJ may require corroborating evidence when it is reasonably available and it would be expected under the circumstances). In addition, the agency did not err in declining to credit an unauthenticated fine receipt as corroboration of Lin's purported detention. The agency correctly acknowledged that an official document may

4

be authenticated by means other than those described in the agency's regulations at 8 C.F.R. § 1287.6, and reasonably determined that Li's testimony, which was inconsistent as to whether her husband signed the fine receipt, was insufficient to authenticate that document. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404-05 (2d Cir. 2005); *see also Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 148 (2d Cir. 2007) (providing—in the context of a motion to reopen—that the agency may decline to credit the authenticity of a government-issued document based on legitimate credibility concerns). The agency also reasonably relied on Li's failure to provide corroborating testimony from one of the approximately 1,000 congregants at her church in the United States after she learned more than one month prior to her merits hearing that her intended witness could not attend. *See Chuilu Liu*, 575 F.3d at 196-99.

The agency also reasonably found that the country conditions evidence did not corroborate or independently establish a well-founded fear of persecution. *See* 8 C.F.R. § 1208.13(b)(2); *see also Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). The 2009 U.S. Department of State International Religious Freedom Report ("IRF Report") provides that there are 50 to 70 million Christians practicing in

5

unregistered churches in China and that family and friends are permitted to meet in homes for worship. As the agency acknowledged, there are reports that the Chinese government arrested, harassed, and restricted leaders and members of certain groups (particularly Muslims in the Xinjiang Uighur Autonomous Region and Buddhists in Tibetan areas). However, the extent of government interference depended largely on locale, and most unregistered Christian groups were openly active.

Ultimately, substantial evidence supports the agency's finding that Li's testimony lacked credibility and that her evidence was insufficient to rehabilitate her testimony or independently satisfy her burden of proof. *See Xiu Xia Lin*, 534 F.3d at 165-66; *Chuilu Liu*, 575 F.3d at 198-99. Those findings are dispositive of asylum and withholding of removal based on both her claim of past persecution and her fear of future persecution. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition

6

is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk